Regelin et al. v. Conran, 184 Ill. App. 570.

———————

## William C. Regelin and William Jenson, trading as Regelin-Jenson & Company, Defendants in Error, v. Thomas Conran, Plaintiff in Error.

### Gen. No. 18,677.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed January 22, 1914.

## Statement of the Case.

Action by William C. Regelin and William Jenson, copartners, doing business as Regelin-Jenson & Co., against Thomas Conran to recover commissions earned in securing a purchaser for certain property belonging to defendant. From a judgment in favor of plaintiffs for $650, defendant brings error.

HENRY M. HAGAN, for plaintiff in error.

GEORGE H. MASON, for defendants in error.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 46*—*when entitled to commissions though the contract between purchaser and seller was made under a mutual mistake as to the subject-matter.* In an action for commissions for procuring a purchaser for property belonging to defendant, where the seller and purchaser entered into a written contract whereby the seller agreed to convey the property in consideration that the purchaser would convey to defendant other property described as being of certain dimensions, more or less, *held* that plaintiffs were entitled to commissions notwithstanding the purchaser and seller were mutually mistaken as to the dimensions of the property to be conveyed by the purchaser, the contract being made in good faith and enforceable in a court of law according to its terms.

2. VENDOR AND PURCHASER, § 64*—*words "more or less" construed.* The words "more or less" as applied to quantity in a contract to convey land are to be construed as qualifying a representation or statement of an absolute or definite amount, so that neither party can avoid it or set it aside by reason of any deficiency or surplus occasioned by no fraud or want of good faith, if there is a reasonable approximation to the quantity specifically stipulated in the contract.

3. REFORMATION OF INSTRUMENTS, § 34*—*jurisdiction.* A court of law has no power to correct a mistake and reform a contract; such power rests alone in a court of equity.